## Case No. 427.

### The ANN MARIA.

[1 Paine, 256.][1]

Circuit Court, D. Connecticut. April Term, 1813.[2]

EMBARGO — NON-INTERCOURSE ACT OF 1809—FOR-FEITURE.

A vessel which, during the non-intercourse law, took a cargo at St. Croix for Cadiz, with the intention of touching off New-Haven on her way thither, for a supply of provisions, and of terminating her voyage in the United States, if by law it could be done, was held not to be forfeited under the 6th section of that law, which provides against the putting goods on board a vessel with the intention of importing them into the United States.

[On appeal from the district court of the United States for the district of Connecticut.

[In admiralty. Libel by the United States against the ship Ann Maria, owned by Elkanah Atwater, for violation of the non-intercourse laws of 1809. Decree for libellant. Claimant appeals. Reversed.]

D. Daggett and W. Bristol, for appellant. H. Huntington, D. A., for respondents.

Before LIVINGSTON, Circuit Justice, and EDWARDS, District Judge.

LIVINGSTON, Circuit Justice. This vessel was libelled in the district court of the United States for this district, as forfeited to the United States; for that certain goods of the growth, produce, or manufacture, of a colony or dependency of Great Britain, were laden on board the said vessel at the island of St. Croix, on the 1st day of June, 1811, "with intent to import the same into the United States, contrary to the true intent and meaning of the several acts of congress in such cases made and provided, and with the knowledge of the master or owner thereof."

To this libel a claim and answer was filed by Elkanah Atwater, who owns the ship, and denies that the said goods were put on board with an intention to import the same into the United States. To this claim, there is a general replication on the part of the United States. After a hearing on the pleadings and testimony, the district court decreed the said vessel with her tackle, &c. to be forfeited to the United States, and the claimant to pay the costs of the libellants. From this sentence the claimant has appealed to this court. On the hearing of this appeal, two questions have been made, the one a question of fact, and the other of law.

It is denied on the part of the United States, that the Ann Maria left the island of St. Croix with innocent intentions; and that if she did, still it is contended that her arrival in the waters of the United States

[1][Reported by Elijah Paine. Jr.]
[2][Reversing an unreported decree of the district court.]

with a prohibited cargo, subjected her to forfeiture.

This being a libel under the 6th section of what is commonly called the non-intercourse act, passed the 1st of March, 1809, [2 Stat. 529,] and revived and continued by an act passed the 28th of June of the same year, [2 Stat. 550,] it must be constantly kept in mind that the actual importation of any of the interdicted articles into the United States on board of this vessel, would not have worked her forfeiture unless they had been put on board with intention thus to import them, and with the knowledge of the master or owner. The court has carefully examined the evidence which has been given in this cause, and feels itself impelled to come to the conclusion that the cargo in question was taken on board at St. Croix, not with the intention of importing the same into the United States contrary to law, but with a design of carrying it to Cadiz; touching off New-Haven in her way thither, for the purpose of obtaining a supply of provisions, and probably of terminating the voyage in the United States if by law it could be done. All the testimony whether documentary or parol, justify this belief—the markets at Cadiz—the conduct of the owner at St. Croix—his bargain with Smith—the clearance from that Island—the bill of lading—the manifest of the cargo delivered to the officer of the revenue schooner,—all speak the same language, and indicate nothing like an intention to violate any law of the United States.

But it is supposed that the arrival of this vessel in the waters of the United States, is not only conclusive proof of an original intention to import the goods on board into this country contrary to law, but is in point of fact such an importation of them, and necessarily renders the vessel liable to forfeiture. The court will not decide, for that question is not before it, whether the cargo of the Ann Maria might not be considered as sufficiently imported into the United States, to have rendered it subject to seizure and confiscation, because were that the case, it would not necessarily draw after it a condemnation of the vessel, whose fate must depend not on the importation of the goods, but on the intention which existed at the time they were taken on board. If at that time there was an intention to commit an offence against the non-intercourse act, the vessel might have been seized if she ever came to this country, although the cargo had been thrown into the sea, or disposed of in any other way.

The only use in the present case which ought to be made of the arrival of this vessel in our waters, is as proof of an original intention to import the cargo into the United States. In that point of view it has been fairly pressed on the consideration of the court, and has not been overlooked in deciding the facts of the case. Although a

strong circumstance, it is sufficiently accounted for, without imputing to the master or owner any design of violating the laws of his country. It would hardly occur to any American abroad, who might have full knowledge of the non-intercourse act, that it would be unlawful to call on his way to a foreign port, at a port of his own country, to know whether the law were still in force, or for the purpose of getting provisions. Nor can it be supposed that any one would be so foolhardy, if he did know that such conduct was illegal, as to come into the waters of the United States in the public and open manner in which this ship came. But the true question here is, not whether these goods were illegally imported into the United States, but whether they were taken on board with such illicit intention. If the question of fact has been properly disposed of, then whatever in ordinary cases might amount to an importation, if it shall satisfactorily appear that the vessel came without an intention of landing the goods contrary to law, but merely for the purpose of inquiry, and having an ulterior destination in view, it is not perceived how she has committed the offence for which she is prosecuted. Her merely passing through our waters, if it be manifest that no design was harboured of landing her cargo, is an innocent act, and not prohibited by any law. It was the importation into the United States, and the consumption there of English goods, which it was the policy of the law to guard against; and therefore any vessel might take on board such goods, provided at the time no such intention existed; especially if her subsequent conduct did not show that every thing which had been done abroad was merely colourable. If then her conduct while in our waters consisted with the intention declared by her papers, and such is the opinion of the court, what right has the court to say that the ultimate destination of the voyage was not Cadiz? Or how can it be said that she came into the waters of the United States with an intent to import these goods, contrary to the true intent and meaning of the act of congress, when by the evidence it appears that no such intention existed, but that her coming here was altogether for other purposes, and among others for the purpose of leaving our waters immediately, if the act were still in force, and proceeding to a foreign port? The original intention then, which is fully established, as it is supposed to be here, must control what might otherwise be the conclusion of law on such an arrival. If that were innocent, no forfeiture attaches to the vessel.

Under these views of the subject, this court is of opinion that the district court erred in condemning the property. Its sentence must therefore be reversed, and a decree entered that the ship Ann Maria, her tackle, &c. be restored to the claimant.